UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
JASON OLIVER THOMPSON,

                                                    Petitioner,

                      -v.-                              9:08-CV-1083
                                                           (FJS/GHL)

ROBERT ERCOLE, Superintendent
       Green Haven Correctional Facility

                                                  Respondent.
--------------------------------------------------------------------------

**APPEARANCES:**                              **OF COUNSEL:**

JASON OLIVER THOMPSON, 95-A-3305
Petitioner *pro se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

      The Clerk of the Court has sent to the undersigned for review a Petition for a Writ of Habeas Corpus brought on behalf of Jason Oliver Thompson ("Petitioner") pursuant to 28 U.S.C. § 2254.  Petitioner is presently confined at Green Haven Correctional Facility and has paid the filing fee required to maintain the instant action.

      Petitioner challenges the judgment entered on October 5, 1993, in Schenectady County Court convicting him, after a jury trial, of two counts of second degree murder.  (Dkt. No. 1 at ¶ 4.)  The Appellate Division, Third Department, affirmed this conviction, and the Court of Appeals denied Petitioner leave to appeal.  *People v. Thompson*, 650 N.Y.S.2d 825 (N.Y. App. Div. 3 1996) *leave denied* 89 N.Y.2d 1102 (1997).

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of

limitations. Specifically, 28 U.S.C. § 2244(d) reads:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner does not allege that he was impeded from filing an application by state action, that he is asserting a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[1], or that he recently discovered the factual predicate of his claims through the exercise of due diligence. Therefore, the one year statute of limitations runs from the date his judgment became final.

---

[1] Since Petitioner's conviction, the New York state courts have held that a showing of reckless conduct evincing a depraved indifference to human life, rather than an intent to kill, is required to support a conviction for second degree murder under a depraved indifference theory. However, the New York Court of Appeals has held that this new case law does not apply retroactively. *Policiano v. Herbert*, 7 N.Y.3d 588 (2006).

A judgment of conviction becomes final at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed."). Thus, Petitioner's conviction became "final" for purposes of the AEDPA on or about August 12, 1997, i.e. ninety days after May 12, 1997, when the New York Court of Appeals denied him leave to appeal from the Third Appellate Division's affirmation of his conviction. Accordingly, the AEDPA statute of limitations expired one year later, on or about August 12, 1998.

Petitioner did not file any applications for state court post-conviction or other collateral review prior to the expiration of the AEDPA statute of limitations on or about August 12, 1998. Although Petitioner alleges that he filed two state court motions to vacate the judgment pursuant to New York Criminal Procedure Law section 440.10 (Dkt. No. 1 at ¶11), it appears that he filed those motions many years after the AEDPA statute of limitations expired[2]. Collateral motions filed after the expiration of the AEDPA statute of limitations do not toll the statute of limitations. *Jones v. West*, 421 F. Supp. 2d 615, 618 (W.D.N.Y. 2006); *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999) ("To allow a belated state court collateral attack to revive the AEDPA limitations period would defeat the purpose of the AEDPA limit."). Consequently, the petition is time-barred under the AEDPA.

---

[2] The petition does not set forth the dates that Petitioner filed his state court motions. Petitioner's first CPL 440 motion was denied on April 5, 2005. (Dkt. No. 1 at ¶ 11(a)(6).) The County Court denied Petitioner's second CPL 440 motion in 2006. The Third Department granted leave to appeal and affirmed County Court on February 21, 2008. *People v. Thompson*, 852 N.Y.S.2d 412 (N.Y. App. Div. 3 2008).

However, because Petitioner claims actual innocence, the petition's untimeliness under the AEDPA statute of limitations is not the end of the analysis. (Dkt. No. 1 at ¶12(B))("petitioner maintains from the date of his arrest that he did not have any involvement ... in this noted crime.") The Second Circuit has left open the question of whether there is an "actual innocence" exception to the AEDPA statute of limitations. *Whitley v. Senkowski*, 317 F.3d 223 (2d Cir. 2003). The Second Circuit has instructed District Courts faced with an untimely petition that claims actual innocence to determine whether the petitioner has presented a credible claim of actual innocence. *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). In order establish actual innocence, a petitioner must demonstrate that it is more likely than not that no reasonable juror would have convicted him. *Id.* at 623. Claims of actual innocence must be supported by " 'new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Menefee*, 391 F.3d at 161 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, Petitioner has not presented a credible claim of actual innocence. The petition does not cite any new reliable evidence to support Petitioner's claim of actual innocence. Petitioner states merely that "[t]here is no physical evidence to refute" his claim that "he did not have any involvement ... in this ... crime." (Dkt. No. 1 at ¶12(B).) Therefore, even if an actual-innocence exception to the AEDPA statute of limitations exists, Petitioner has not established that he is entitled to its benefits.

Should Petitioner claim that his Petition is not, in fact, time-barred, he may file an Amended Petition **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation. Such Amended Petition must either (1) assert that Petitioner filed his state

4

court collateral proceedings before the expiration of the AEDPA statute of limitations, clearly listing the date(s) on which the Petitioner properly **filed** his application(s) for state post-conviction or other collateral review concerning the subject conviction; or (2) cite new, reliable evidence supporting Petitioner's contention that he is actually innocent.  Petitioner is cautioned that no portion of any prior Petition shall be incorporated into his Amended Petition by reference.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that should Petitioner claim that his Petition is not, in fact, time-barred, Petitioner may file an Amended Petition **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation, containing the information noted above; and it is further

**RECOMMENDED**, that if no such Amended Petition is timely filed, this action shall then be dismissed and the Clerk shall enter judgment dismissing this action without further Order of this Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  November 14, 2008
         Syracuse, New York

George H. Lowe
United States Magistrate Judge